UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LILA HASSAN,<br><br>      *Plaintiff*,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>      *Defendants*. | Case No. 21-cv-0877 (RCL) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") ("Defendants"), by and through its undersigned counsel, respectfully submit the following answer to Plaintiff's Complaint filed on March 31, 2021 (the "Complaint") by Plaintiff Lila Hassan. All allegations in the Complaint, including relief sought, are denied except when specifically admitted herein. Defendants admit, deny, or otherwise aver as follows:

### DEFENDANTS' RESPONSES TO THE NUMBERED PARAGRAPHS

In response to the enumerated paragraphs, as set forth in the Complaint, Defendants admit, deny, and otherwise aver as follows. Any allegations not specifically admitted herein are hereby denied. Defendants respectfully request and reserve the right to amend, alter, and supplement the responses and defenses contained in this Answer as additional facts become known to Defendants.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF[1]

1.  The allegations contained in this paragraph consist of Plaintiff's characterization of this action and Plaintiff's conclusion of law, to which no response is required. To the extent that a response is required, Defendants admit that this action purports to be brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*, and deny the remaining allegations.

## PARTIES

2.  The allegation contained in this paragraph consists of Plaintiff's characterization of herself and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegation.

3.  Defendant DHS admits the allegations in this paragraph.

4.  Defendant ICE admits the allegations in this paragraph.

## JURISDICTION AND VENUE

5.  The allegations contained in this paragraph consist of Plaintiff's conclusion of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed necessary, Defendants admit that this Court has jurisdiction subject to the terms and conditions of FOIA.

6.  The allegation contained in this paragraph consists of Plaintiff's conclusion of law regarding venue, to which no response is required. To the extent that a response is required,

---

[1] Merely for ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

Defendants admit that 5 U.S.C. § 552 (a)(4)(B) governs venue in actions brought under the FOIA.

**FEBRUARY 11, 2020, FOIA REQUEST TO ICE (FIREARMS USAGE)**

7. This paragraph contains Plaintiff's characterization and description of her February 11, 2020, FOIA request to ICE. Defendants admit that Plaintiff filed a FOIA request to ICE on February 11, 2020, and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations.

10. Defendant ICE admits that by letter dated March 16, 2020, it acknowledged receipt of Plaintiff's February 11, 2020 FOIA request, and assigned it reference number 2020-ICFO-27750. Defendant ICE respectfully refers the Court to the letter for a complete and accurate statement of its contents.

11. Defendant ICE admits the allegations in this paragraph.

12. Defendant ICE admits that on April 2, 2020, Plaintiff agreed to revise the request by removing from the request the names of the arrestees. Defendant ICE respectfully refers the Court to the email for a complete and accurate statement of its contents.

13. Defendant ICE admits that on August 11, 2020, Plaintiff sent ICE an amended request. Defendant ICE respectfully refers the Court to the amended request for a complete and accurate statement of its contents. Defendant ICE denies the remainder of Paragraph 13.

14. Defendant ICE admits that in a letter dated August 25, 2020, it informed Plaintiff of ICE's determination to withhold documents pursuant to FOIA Exemptions (b)(6), (b)(7)(C) and

(b)(7)(E). Defendant ICE respectfully refers the Court to the letter for a complete and accurate statement of its contents.

15. Defendant ICE admits that on November 17, 2020, Plaintiff filed an appeal. Defendant ICE respectfully refers the Court to the appeal for a complete and accurate statement of its contents.

16. This paragraph contains Plaintiff's description of Plaintiff's November 17, 2020 appeal, to which no response is required. To the extent that a response is required, Defendant ICE respectfully refers the Court to the appeal letter for or a complete and accurate statement of its contents.

17. Defendant ICE admits that it acknowledged receipt of Plaintiff's appeal on November 18, 2020, and assigned it appeal number 2021-ICAP-00177. Defendant ICE respectfully refers the Court to the appeal letter for a complete and accurate statement of its contents.

18. Defendant ICE admits the allegations in this paragraph and respectfully refers the Court to its adjudication letter for a complete and accurate statement of its contents.

19. Defendant ICE admits the allegations in this paragraph and respectfully refers the Court to its adjudication letter for a complete and accurate statement of its contents.

20. Defendant ICE admits that Plaintiff wrote to ICE on five separate occasions and respectfully refers the Court to the emails for complete and accurate statements of their contents.

21. Defendant ICE admits the allegations in this paragraph and respectfully refers the Court to the March 15, 2021 email for a complete and accurate statement of its contents.

22. Defendant ICE admits that as of the date of Plaintiff's complaint, it has not issued a final response to Plaintiff's request.

23. This paragraph contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE admits only that it has not issued a final response to Plaintiff's request.

### JANUARY 4, 2021, FOIA REQUEST TO ICE (AGE & LOCATION)

24. This Paragraph contains Plaintiff's characterization and description of Plaintiff's January 4, 2021 FOIA request to ICE to which no response is required. To the extent that a response is required, Defendant ICE admits that Plaintiff filed a FOIA request on January 4, 2021, and respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

25. Defendant ICE admits the allegation of this paragraph and respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

26. Defendant ICE admits that by an email dated February 24, 2021, it acknowledged receipt of Plaintiff's January 4, 2021 FOIA request, assigned it reference number 2021-ICFO-30448, and granted expedite processing. Defendant ICE respectfully refers the Court to the February 4, 2021 email for a complete and accurate statement of its contents.

27. Defendant ICE admits the allegations of this paragraph.

28. Defendant ICE admits that it has not issued a final response to Plaintiff's request.

29. The allegations contained in this paragraph contain conclusions of law to which no answer is required, but to the extent that a response is required, Defendant ICE admits only that it has not issued a final response to Plaintiff's request.

### COUNT I- FEBRUARY 11, 2020 FOIA REQUEST TO ICE (FIREARMS USAGE), ICE'S FOIA VIOLATION: FAILURE TO PRODUCE RECORDS

30. Defendants incorporate by reference their responses to paragraphs 1 through 29 above.

31. Defendants admit the allegations in this paragraph.

32. Defendants deny the allegation in this paragraph.

33. Defendants deny the allegation in this paragraph.

**COUNT II- JANUARY 4, 2021 FOIA REQUEST TO ICE (AGE & LOCATION), ICE'S FOIA VIOLATION: FAILURE TO PRODUCE RECORDS**

34. Defendants incorporate by reference their responses to paragraphs 1 through 33 above.

35. Defendants admit the allegations in this paragraph.

36. Defendants deny the allegation in this paragraph.

37. Defendants deny the allegation in this paragraph.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendants deny that Plaintiff is entitled to any of the relief requested in this section or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to the FOIA, 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552(a), *et seq*.

### Second Defense

The Court lacks jurisdiction over the subject matter of this Complaint for any relief that exceeds the relief authorized by statute under 5 U.S.C. § 552.

### Third Defense

Defendants have conducted an adequate search in response to the underlying requests

under FOIA, 5 U.S.C. § 552, as amended, or otherwise is in the process of completing searches and releases of non-exempt, responsive records, or segregable portions thereof. Defendants further aver that some or all of the requested records may be exempt, in full or in part, from release under FOIA exemptions.

## Fourth Defense

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

## Fourth Defense

Plaintiff is not entitled to an award of attorneys' fees or other litigation costs.

WHEREFORE, having fully answered, Defendants, by counsel, request that the Court grant Defendants judgment and relief against Plaintiff as follows:

a)  that the claims against Defendants are dismissed with prejudice and that Plaintiff take nothing and are granted no relief;

b)  that Defendants be awarded costs and disbursements incurred in defending this matter; and

c)  such other and further relief to which Defendants are entitled.

\*   \*   \*   \*

Date: May 10, 2021	Respectfully submitted,

	CHANNING D. PHILLIPS, D.C. Bar #415793
	Acting United States Attorney

	BRIAN P. HUDAK,
	Acting Chief, Civil Division

By:	/s/ *Kristin D. Brudy-Everett*
	KRISTIN D. BRUDY-EVERETT
	Assistant United States Attorney
	Judiciary Center Building
	555 4th St., N.W.
	Washington, D.C.  20530
	(202) 252-2536
	Kristin.Brudy-Everett@usdoj.gov

	*Counsel for Defendants*